**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHANNON L. COLEMAN. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 14 cv 02015 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ROBERT W. DEPKE JUVENILE JUSTICE ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shannon Coleman filed this complaint against the Robert W. Depke Juvenile Justice Center, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendants move to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendant's motion to dismiss [5].

**I.   Background[1]**

According to the complaint, Plaintiff is an African American employed by Defendant for almost twelve years. Compl., Ex. A. After Plaintiff committed certain "conduct," Defendant allegedly fired him on the basis of his race, failing to discipline non-African Americans who

---

[1] For the purposes of Defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

committed "similar conduct." Compl. ¶ at 7. On December 24, 2013, the EEOC issued a notice of right to sue with respect to Plaintiff's charge. Plaintiff subsequently filed this complaint.[2]

## II.     Legal Standard On Motion To Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  As previously noted, reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618.  To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original).  The Court reads the complaint and assesses its plausibility as a

---

[2] The complaint additionally alleges that Defendant "created a work environment which unreasonably interfered with the terms and conditions of Coleman's employment" in violation of Title VII. Compl. at ¶ 8.  Plaintiff's response brief explains that this allegation is not a hostile work environment claim and that Plaintiff only alleges that his termination constituted racial discrimination under Title VII . Resp. at 3, 4.

2

whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

**III.     Analysis**

The Court dismisses the complaint because it fails to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff alleges very few facts. Specifically, he alleges that he was terminated on the basis of his race following certain unexplained "conduct" that non-African Americans also committed without consequence. Compl. at ¶ 7. His response brief states that "Plaintiff has stated sufficient facts in his Complaint to notify Defendant, and this Court, of the conduct he was terminated for," but the complaint provides no such facts. Resp. at 2. To put Defendant on fair notice of the grounds of his claim such that it may investigate and defend against it, Plaintiff must provide additional factual allegations regarding the "conduct" preceding his termination. Defendant employed Plaintiff for almost twelve years, a period during which Plaintiff undoubtedly engaged in a great deal of conduct. Compl., Ex. A. This lengthy period of employment combined with the absence of any factual allegations regarding the circumstances surrounding his termination leaves Defendant without fair notice. See *Twombly*, 550 U.S. at 555. For all Defendant knows, Plaintiff's "conduct" could refer to one incident that occurred immediately before his termination or repeated activity stretching across years. Plaintiff's complaint suggests that the substance of this "conduct" will be important to his claim, yet he declines to explain what it was. Plaintiff already possesses information and can easily plead it; he need not conduct discovery to learn of his own actions. Accordingly, the Court dismisses the complaint.

Plaintiff argues that a plaintiff need not plead facts corresponding to each element of a prima facie case of discrimination under *McDonnell Douglas*, which creates an evidentiary standard rather than a pleading requirement. Resp. at 4-5 (citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). Defendants and the Court agree. The problem is not that Plaintiff fails to plead facts corresponding to each *McDonnell Douglas* element. It is that he fails to allege almost any facts at all. In contrast to Plaintiff's bare bones complaint, Swierkiewicz's complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Twombly*, 550 U.S. at 570 (quoting *Swierkiewicz,* 534 U.S. at 514). These factual allegations made his allegations plausible under *Twombly*, whereas Plaintiff's allegations are not. *Id.*

Plaintiff also argues that his complaint is plausible under *Swanson v. Citibank, N.A.* 614 F.3d 400, 404 (7th Cir. 2010), in which the Seventh Circuit stated,

> [a] plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario * * *

614 F.3d at 404-05. Plaintiff reads this language literally to mean that a plaintiff need not "plead the specific qualifications that made him/her qualified, or that the person who received the promotion over him/her was less qualified, or even had the similar qualifications to him/her * * * [or] that the comparator was similarly situated to him/her or that he/she was performing their current job satisfactorily." Resp. at 6. Plaintiff argues that his claim is similarly detailed and therefore plausible.

The Court declines to adopt Plaintiff's literal reading of *Swanson*'s dicta. In this passage, the Seventh Circuit explains generally that under *Twombly*, the simpler the case, the fewer the factual allegations necessary to make a claim plausible: "in many straightforward cases, it will

4

not be any more difficult today for a plaintiff to meet that burden than it was before the Court's recent decisions," whereas in a "more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations, will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405. To illustrate how a "straightforward case" pleading few facts could be plausible, the Seventh Circuit offered the hypothetical cited by Plaintiff. The Court does not read the Seventh Circuit's one-sentence summary of an abstract hypothetical to mean that a plaintiff may absolutely state a Title VII claim in one sentence; something more than boilerplate is necessary because "abstract recitations of the elements of a cause of action or conclusory legal statements, do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law." *Id.* at 405 (internal quotation omitted). More importantly, the Court does not interpret this abstract example of a plausible claim to mean that this particular Plaintiff may state a Title VII claim by alleging only that he was fired after committing "conduct" while others outside his protected class were not. This is particularly true because he undoubtedly engaged in a great deal of "conduct" over his twelve years of employment with Defendant, because he suggests that the particular conduct at issue will be important to his claim, and because he possesses the missing facts about his own conduct.

Finally, if *Swanson* bears on this issue at all, its actual holding tips in Defendant's favor. *Swanson* involved Fair Housing Act and fraud claims, and it is "rarely proper to draw analogies between complaints alleging different sorts of claims; the type of facts that must be alleged depend upon the legal contours of the claim." *Concentra*, 496 F.3d at 782. To the extent that the Fair Housing Act claim is analogous to this Title VII claim, however, *Swanson* is still

5

distinguishable in that Swanson's complaint was factually more robust than Plaintiff's. Swanson alleged that the defendants racially discriminated against her when they rejected her application for a home equity loan. In support of her legal allegations, her complaint factually alleged the nature of the bank's loan program, the identities of the bank representative and manager who Swanson spoke with, the contents of their conversation, the identity of the appraisers, the value of their appraisals, and the bank's explanation for denying her application. *Swanson*, 614 F.3d at 402-03. Plaintiff's allegations do not compare.

Plaintiff also cites *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), arguing that the allegations in his complaint are similar to those in Tamayo's complaint, which stated a Title VII claim. Again, Tamayo's complaint was factually more detailed. Tamayo alleged that her employer promoted her to the position of Interim Administrator of the Illinois Gaming Board (IGB), promising her a specified salary. Soon after, the governor's office and the Illinois Department of Revenue allegedly attempted to take control of the IGB and institute certain changes. Tamayo detailed how and when these offices interfered with the IGB, the specific people she communicated with, and their warnings telling her to cooperate. She alleged that she received a particular salary, which was lower than what she was promised. She also identified similarly situated males and the values of their salaries. Finally, she alleged that her employer reduced her salary because she was a woman and because she refused to cooperate with the government offices attempting to control the IGB. *Tamayo*, 526 F.3d at 1078-79. Again, the factual detail in Plaintiff's complaint does not compare.

Plaintiff cites *Tamayo*'s statement that "[e]ven after *Bell Atlantic, Concentra* affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment

action against the plaintiff on the basis of her sex." *Tamayo*, 526 F.3d at 1084 (7th Cir. 2008). *Tamayo* does affirm a "minimal pleading standard for simple claims of race or sex discrimination," but in explaining this standard, it cites *Concentra* and *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), neither of which requires the Court to find in Plaintiff's favor.

*Concentra*'s facts are distinguishable from Plaintiff's, and to the extent the case applies, it weighs in favor of Defendant. In *Concentra*, the EEOC alleged a Title VII retaliation claim. The complaint alleged that that an employee reported his supervisor's favoritism toward a lover and was fired in retaliation. *Concentra*, 496 F.3d 773, 775-76 (7th Cir. 2007). The district court dismissed the claim, holding that employees are protected against retaliation only when they reasonably believe that the activities they oppose violate Title VII and finding that it was clear that "favoring a paramour" did not violate Title VII. *Id.* at 776. The EEOC then amended the complaint, generally alleging that the employer retaliated against the employee for reporting conduct that he "objectively and reasonably believed in good faith violated Title VII." *Id.* The Seventh Circuit held that the plaintiff needed to provide more information about the underlying conduct to give the defendant fair notice. It also held that "a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected," expressing a particular skepticism in the case before it because "a pleading standard designed to protect litigants and their lawyers from needless, counterproductive technicality is less convincingly invoked by a government agency seeking to simply step around a more informative complaint that has been dismissed for failure to state a claim." *Id.* at 781. *Concentra* is distinguishable in that it involved a retaliation claim rather than a discrimination claim as well as a speciously strategic re-pleading of facts already held insufficient to state a claim.

7

To the extent *Concentra* does apply, however, its rationale weighs in favor of Defendant. The Court required the EEOC to plead more information about the underlying conduct partly because "a complaint should contain information that one *can* provide and that is clearly important"; "[e]ncouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations * * * ." *Id.* at 780. The Seventh Circuit further noted that "surely [the employee] must remember in some detail what he said to the Human Resources Director and must have relayed that information to the EEOC during its investigation." *Id.* at 781. Similarly, Plaintiff here possesses facts regarding his own conduct, and this conduct is "clearly important" to his claim. *Id.* at 780. These facts are "easily provided and will clearly be helpful" to expeditious resolution of this case. *Id.*

In *Bennett*, the plaintiff alleged that an employer rejected her job applications because of her race. The Court found that the complaint stated a claim, holding that "Defendants received notice that Bennett believed that their refusal to hire her was racial discrimination; that is all the notice a complaint has to convey." *Bennett*, 153 F.3d at 518-19. In contrast to Bennett, who alleged a discriminatory failure to hire, Plaintiff alleges discriminatory termination of a twelve-year employee following "conduct" that others committed without consequence. Plaintiff's complaint potentially causes an "inefficient chase for facts decried in *Bennett*." *Tamayo*, 526 F.3d at 1084 (citing *Bennett*, 153 F.3d at 518). Moreover, *Bennett*'s concern that plaintiffs not be required to "plead evidence" because "[l]itigants are entitled to discovery before being put to their proof" does not apply. *Bennett*, 153 F.3d at 518, 519. Again, Plaintiff possesses information about his own conduct and need not conduct discovery to allege certain facts. By

asking him to plead more information, the Court does not deny him the opportunity to prove his claim.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss [5] without prejudice. Plaintiff is given until December 15, 2014 to file an amended complaint if he believes that he can cure the deficiencies identified above.

Dated: November 20, 2014  
_____  
Robert M. Dow, Jr.  
United States District Judge